# Illinois Official Reports

## Appellate Court

---

### *People v. Ross*, 2019 IL App (3d) 170028

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARTIS J. ROSS, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-17-0028 |
| Filed<br>Modified upon<br>denial of rehearing | May 7, 2019<br><br>June 25, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 14-CF-2393; the Hon. Edward A. Burmila Jr., Judge, presiding. |
| Judgment | Remanded with directions. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Justin A. Nicolosi, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

Panel                      JUSTICE McDADE delivered the judgment of the court, with opinion. Presiding Justice Schmidt and Justice Holdridge concurred in the judgment and opinion.

## OPINION

¶ 1        Defendant, Artis J. Ross, appeals following the revocation of his probation and subsequent sentencing to the Department of Corrections. He argues that a portion of his probation fee, which he paid in full, should be refunded because his probation was revoked. We remand the matter pursuant to Illinois Supreme Court Rule 472(e) (eff. May 17, 2019).

¶ 2                         I. BACKGROUND

¶ 3        The State charged defendant with unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2014)). On February 16, 2016, the court sentenced defendant to a term of 30 months' probation.

¶ 4        The court also ordered defendant to pay $1664 in monetary assessments. Defendant received $1060 in monetary presentence custody credit, reducing his costs subtotal to $604. The court then imposed a probation fee of $600. The resulting sum of $1204 was fully offset by defendant's bond deposit of $2000. The assessments order thus provided defendant with a refund of $796.

¶ 5        On July 14, 2016, the State filed an amended petition to revoke defendant's probation. On October 27, 2016, defendant admitted to the allegations in the petition, and the court revoked his probation. Defendant was remanded to custody on that date and remained in custody through his resentencing. On January 6, 2017, the court resentenced defendant to a term of 5½ years' imprisonment. The court did not issue a new monetary assessments order or otherwise modify its original assessments.

¶ 6                         II. ANALYSIS

¶ 7        On appeal, defendant contends that the $600 probation fee imposed by the court, which was paid in full out of his bond deposit, contemplated 30 months of probation. Because defendant only spent eight months under the supervision of probation services, he argues that he is entitled to a $440 refund of this assessment. The State concedes that defendant is not obligated to pay a fee for time in which he was not on probation and that a person in his position would ordinarily be entitled to a refund. However, the State points out that defendant failed to raise this issue at any point in the circuit court and argues that the matter is therefore forfeited.

¶ 8        Section 5-6-3(i) of the Unified Code of Corrections mandates that the circuit court shall impose "a fee of $50 for each month of probation or conditional discharge supervision or supervised community service ordered by the court, unless after determining the inability of the person sentenced to probation or conditional discharge or supervised community service to pay the fee, the court assesses a lesser fee." 730 ILCS 5/5-6-3(i) (West 2016). That same subsection specifies that "[t]he fee shall be imposed only upon an offender who is actively supervised by the probation and court services department." *Id.*

¶ 9 In our original version of this order, filed May 7, 2019, we accepted the State's concession that defendant was, in fact, entitled to a refund of $440. Further, we found that the court's failure to issue this refund amounted to second-prong plain error under *People v. Lewis*, 234 Ill. 2d 32, 48-49 (2009). We remanded the matter with instructions that the circuit court enter an order issuing the refund.

¶ 10 Justice Schmidt dissented, suggesting that Illinois Supreme Court Rule 472(c) (eff. Mar. 1, 2019) obviates the need to apply a plain error analysis to the present issue. Rule 472 holds that the circuit court retains jurisdiction to consider certain enumerated issues involving fines and fees "at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on motion of any party." Ill. S. Ct. R. 472(a) (eff. Mar. 1, 2019). Section (c) of the rule, in turn, provides that "[n]o appeal may be taken by a party from a judgment of conviction on the ground of any sentencing error specified above unless such alleged error has first been raised in the circuit court." Ill. S. Ct. R. 472(c) (eff. Mar. 1, 2019). Defendant's notice of appeal, however, predated that rule by more than a year.

¶ 11 On May 17, 2019, during the rehearing period in this case, our supreme court added an amendment to Rule 472, effective immediately. Presumably in consideration of cases like the one presently before us, the newly added section (e) provides:

> "In all criminal cases pending on appeal as of March 1, 2019, or appeals filed thereafter in which a party has attempted to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule." Ill. S. Ct. R. 472(e) (eff. May 17, 2019).

While the amended rule contemplates *any* case that was pending on appeal on March 1, 2019, we presume that the scope must nevertheless be limited to those cases in which the appellate court continues to have jurisdiction to implement the rule. Because we have jurisdiction during the rehearing period, we now find that we must remand the matter to the circuit court under Rule 472(e).

¶ 12 In closing, we urge the circuit court on remand to first consider its own jurisdiction in this case. Rule 472(a) provides that the circuit court retains jurisdiction only to consider four specified classes of error. Ill. S. Ct. R. 472(a)(1)-(4) (eff. May 17, 2019). Because the issue in this case—the circuit court's failure to issue a refund on defendant's fine—is atypical, the circuit court must first determine whether that particular claim of error is contemplated by one of the four classes of error listed in Rule 472. We express no opinion on that question.

¶ 13                                             III. CONCLUSION
¶ 14 The matter is remanded with directions.

¶ 15 Remanded with directions.